1. In a petition of a religious corporation to a court for leave to sell its real estate, allegations that the receipts and income of such corporation are insufficient either to provide for the payment of its liabilities, or to meet current expenses are not to be deemed untrue, merely because although it appeared that the current expenses and interest account of the corporation ran behind its receipts and income, at the rate of $3000 per year, a great part of the indebtedness of the corporation was held by members of the church, who never called for interest upon such indebtedness; provided they never released their right to claim such interest.
2. An allegation in such a petition that a plan, or the terms of a projected union, (of two religious societies, who were plaintiffs and defendants,) have been agreed on by a committee composed of members appointed by the corporate bodies respectively, is not to be deemed so untrue, as to deprive the court of jurisdiction, because it appeared that one body at a corporate meeting adopted and ratified, separately, the action of its committee appointed to confer with the committee appointed by the other, which had previously agreed on the plan in question. In such case the plan of union is to be considered as if, without the intervention of any committees, it had been proposed in the first instance at such corporate meeting, and adopted.
3. To constitute a corporate meeting, whose acts and resolutions shall be binding, there need not be present a majority of all the corporators. Where the corporators are indefinite, such of them as assemble pursuant to a regular call for *650 a meeting, will constitute a quorum for the transaction of business, and a majority of that quorum can pass resolutions binding on the body itself.
4. The fact that some persons were present at a corpprate meeting who were not corporators, will not vitiate the proceedings of the meeting, unless it appear that such persons voted, and that their votes were necessary to carry the resolutions which were claimed to be passed.
5. Whether the pew hirers of a religious body were more or less numerous than was stated in such a petition is immaterial; since any allegation as to the consent of the pew hirers might have been stricken out of the petition without affecting the jurisdiction of the court.
. 6. Where, although possibly a majority of the whole number of the corporators of the plaintiffs may not have affirmatively authorized the proceedings, the evidence does not show that more than four or five objected; a resolution having that effect, passed at a corporate meeting, is ample authority-for the trustees to make the application; they having under that authority, passed a resolution directing the application to be made. It is unnecessary to show an authority originally by a majority of the whole number of corporators.
(Heard before Jones, J.